### 7852.  ADAMS *v.* JERVIS.

GEORGE, J.  Where the superior court and a city court in the same county have concurrent jurisdiction over a warrant for the eviction of a tenant holding over and the counter-affidavit thereto, and the sheriff returns the papers to the clerk of the city court, and the judge of the city court, upon the motion of counsel for the tenant, erroneously dismisses the proceeding and orders that it be transmitted to the superior court, and it is duly transmitted to the superior court of the county and entered upon the docket of that court and assigned by the judge of that court for trial, and counsel for the landlord affirmatively acquiesces in its removal from the city court to the superior court, the judge of the city court, after the adjournment of the term of the superior court, has not the authority to reinstate the case in his court and order that it be there tried.  The case having been duly transferred to the superior court, it properly remains in that court until legally disposed of there.  The judge of the city court has no power to take the case from the files of the superior court.

> *Judgment reversed.  Wade, C. J., and Luke, J., concur.*
> DECIDED APRIL 3, 1917.

Dispossessory warrant; from city court of Floyd county—Judge Nunnally.  September 13, 1916.

*M. B. Eubanks,* for plaintiff in error.

*C. I. Carey, John W. Bale,* contra.